IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| JERRY LAWRENCE MCGLONE, II, | : Case No. 1:22-cv-573 |
| Plaintiff, | : |
| | : Judge Matthew W. McFarland |
| v. | : Magistrate Judge Kimberly A. Jolson |
| | : |
| D.R.C., WARREN CORRECTIONAL INSTITUTION, *et al.*, | : |
| | : |
| Defendants. | : |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 2)**

---

This action is before the Court upon the Report and Recommendation (the "Report") (Doc. 2) of United States Magistrate Judge Kimberly A. Jolson, to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, the Magistrate Judge recommends that this Court order Plaintiff to pay the full fee required to commence this action within thirty (30) days of this Order. (*See* Doc. 2.) Plaintiff submitted timely objections (Doc. 3). Thus, the matter is ripe for the Court's review.

The Court reviews de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citations omitted). General disagreements with the Magistrate Judge's Report fall short of Plaintiff's obligation to make specific objections. *Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Aldrich v. Bock*, 327 F.

Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

In his Objection, Plaintiff maintains that he cannot pay the full fee required as he is prevented from working due to injury and is otherwise limited in the amount of funds that he has available. (Objections, Doc. 3, Pg. ID 46.) In accordance with Section 804(d) of the Prisoner Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As the Magistrate Judge found, "[g]iven his three 'strikes,' Plaintiff may not proceed *in forma pauperis* unless he is . . . 'under imminent danger of serious physical injury.'" (Report, Doc. 2, Pg. ID 44.)[1] To sufficiently allege imminent danger, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d

---

[1] *See McGlone II v. Warren Corr. Inst.*, Case No. 1:13-cv-126 (Dlott, J.; Bowman, M.J.) (S.D. Ohio May 29, 2013) (Docs. 10, 12, 13); *McGlone II v. Ross Corr. Inst.*, Case No. 2:13-cv-347 (Frost, J.; Abel, M.J.) (S.D. Ohio Aug. 7, 2013) (Docs. 12, 14, 15); *McGlone v. Ohio Dep't. of Rehab. and Corr.*, Case No. 1:09-cv-409 (Barrett, J.; Black, M.J.) (S.D. Ohio June 12, 2009) (Docs. 5, 6); *McGlone v. Ohio Dep't. of Rehab. and Corr.*, Case No. 1:09-cv-355 (Barrett, J.; Hogan, M.J.) (S.D. Ohio June 4, 2009) (Docs. 7, 8).

580, 585 (6th Cir. 2013) (citation omitted). "[A] prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* (citation omitted).

Plaintiff's Complaint is "based on a past incident of harm." (Report, Doc. 2, Pg. ID 44.) Plaintiff does not allege that he has been denied treatment for any serious injuries related to such harm. *See Vandiver v. Vasbinder*, 416 Fed. Appx. 560, 562-63 (6th Cir. 2011). On the contrary, exhibits attached to the Complaint show that Plaintiff was treated by medical staff on the date of his alleged injury and has been seen in the prison's chronic care clinic. (Compl., Doc. 1-1, Pg. ID 34, 36.) Plaintiff fails to demonstrate that he is under imminent danger of serious physical harm. (*See* Report, Doc. 2, Pg. ID 44.) Therefore, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g) and may not proceed *in forma pauperis*.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon said review, the Court finds that Plaintiff's Objections are not well-taken and are accordingly **OVERRULED**. Thus, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 2) in its entirety. The Court **ORDERS** the following:

(1) Plaintiff is **ORDERED** to pay the full $402 fee ($350 filing fee plus $52 administrative fee) required to commence this action within thirty (30) days of this Order. Failure to pay the full $402 fee within thirty days will result in the dismissal of this action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3

(2) The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a), that any appeal of this Order would not be taken in good faith and that Plaintiff should be denied leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

By: *[signature]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE